**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Case No. 3:11-cr-079 |
| | : | Civil Case No.    3:15-cv-044 |
| vs. | : | |
| | : | Judge Timothy S. Black |
| KEITH A. WATSON, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING GOVERNMENT'S MOTION**
**FOR AUTHORIZATION TO INTERVIEW DEFENSE COUNSEL (Doc. 138)**

This case is before the Court on the Government's motion for authorization to interview Defendant's former trial and appellate counsel concerning matters relevant to Defendant's pending motion to vacate. (Doc. 138).

### I.  BACKGROUND

On August 9, 2012, Defendant Keith A. Watson was sentenced to 132 months imprisonment pursuant to a Rule 11(c)(1)(C) plea agreement. (Doc. 116).  In his plea agreement, Defendant reserved the right to appeal this Court's order denying his motion to suppress. (Doc. 102 at ¶ 2).  Defendant filed a notice of appeal on August 15, 2012. (Doc. 117).  On October 4, 2013, the Sixth Circuit affirmed this Court's order. (Doc. 132).  Subsequently, Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255 on January 2, 2015.  (Doc. 137).  On April 20, 2015, the Court ordered the Government to file an answer to Defendant's motion.  (Not. Order, Apr. 20, 2015).

Defendant's motion to vacate raises four grounds for relief, each of which, either in whole or in part, includes allegations of ineffective assistance of counsel at both the

trial and appellate levels.  (Doc. 137).  In an effort to thoroughly investigate and respond to these allegations, the Government contacted Mr. Aaron G. Durden, who served as Defendant's appointed trial and appellate counsel.  (Doc. 138 at 2).  However, Mr. Durden asked that the Government first obtain authorization from the Court regarding disclosure of such information, which would otherwise be protected under the attorney-client privilege and the attorney work-product doctrine.  (*Id.*)  Mr. Durden expressed no other opposition.  (*Id.*)  Accordingly, the Government filed the instant motion.

## II.  ANALYSIS

"Confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged."  *Fisher v. United States*, 425 U.S. 391, 403 (1976).  The purpose of attorney-client privilege "is to encourage full and frank communication between attorneys and their clients … recogniz[ing] that sound legal advice or advocacy serves public ends and … depends upon the lawyers being fully informed by the client."  *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  However, because "the privilege has the effect of withholding relevant information from the fact-finder, it applies only where necessary to achieve its purpose."  *Fisher*, 425 U.S. at 403.  "There is no question that the attorney-client privilege remains applicable in habeas proceedings."  *In re Lott*, 424 F.3d 446, 452 (6th Cir. 2005).  However, "[t]he privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance."  *Id*. at 452-53 (emphasis supplied).

Additionally, the attorney work-product doctrine is "a qualified privilege for certain materials prepared by an attorney 'acting for his client in anticipation of

2

litigation.'" *United States v. Nobles*, 422 U.S. 225, 237-38 (1975) (quoting *Hickman v. Taylor*, 329 U.S. 495, 508 (1947)). "Proper preparation of a client's case demands that [an attorney] assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." *Id*. at 511. This process "is reflected … in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways." *Id*. "Were such materials open to opposing counsel on mere demand, much of what is now put down in writing would remain unwritten." *Id*. However, just as with attorney-client privilege, the protection of the work-product doctrine may be waived. *Nobles*, 422 U.S. at 239. <u>Where a defendant puts his attorney's performance squarely at issue, he impliedly waives disclosure under the work-product doctrine</u>.[1] *See Lott*, 424 F.3d at 453-54; *see also Bittaker v. Woodford*, 331 F.3d 715, 722 n. 6 (9th Cir. 2003) (noting that the same standards generally apply to both the work-product doctrine and attorney-client privilege, as they are complementary rules and protect many of the same interests).

Waivers under both attorney-client privilege and the work-product doctrine are limited in scope, and should not be construed to allow for disclosure of more information than necessary. *See Lott*, 424 F.3d at 453-54; *Nobles*, 422 U.S. at 239-40. The scope and extent of necessity are determined by the specific claims at issue. *Lott*, 424 F.3d at 454.

---

[1] Additionally, the Ohio Rules of Professional Conduct state that "[a] lawyer may reveal information relating to the representation of a client, including information protected by the attorney-client privilege under applicable law, to the extent the lawyer reasonably believes necessary ... to respond to allegations in any proceeding, including any disciplinary matter, concerning the lawyer's representation of the client." Ohio Prof. Cond. Rule 1.6(b)(5).

3

In habeas proceedings, "implied waiver is limited to situations where the petitioner has made the confidential relationship the subject of a constitutional inquiry." *Id.* Thus, where waiver is implied by assertion of ineffective assistance of counsel claims, the privilege is waived only to the extent required to litigate those claims. *Id.*

Here, Defendant has unquestionably placed the performance of his trial and appellate counsel at issue, to some degree, in all four of his claims. (Doc. 137). Technically, only Ground One *expressly* raises "ineffective assistance of counsel." (*Id.* at 4). However, while Defendant couches Grounds Two and Three as "due process" violations, he substantively asserts in his attached memorandum that he was deprived of due process because of his counsel's allegedly deficient performance. (*Id.* at 5-16). Additionally, Defendant asserts that the issues underlying Grounds Two, Three, and Four were not raised on direct appeal because of ineffective assistance of appellate counsel. (*Id.* at 18, 19, 22).

As each of Defendant's claims alleges that he was deprived of ineffective assistance of counsel to some degree, Defendant has impliedly waived the protection of attorney-client privilege and the work-product doctrine. However, this waiver is limited to the extent necessary for counsel to respond to the claims, and, specifically, to the aspect of the claims that relate to his performance.

### III. CONCLUSION

Based upon the foregoing, the Government's motion for authorization to interview Aaron G. Durden, Esq., concerning formerly privileged matters (Doc. 138) is **GRANTED**. Defendant Keith A. Watson has **WAIVED** privilege of matters related to

4

counsel's performance by raising those specific issues in his motion to vacate. (Doc. 137). Accordingly, Mr. Durden is **AUTHORIZED** by this Court to respond to the Government's inquiries. However, this authorization is **LIMITED** to the extent reasonably necessary to address the specifics allegations relating to counsel's performance, as set forth in each of Defendant's claims.

**IT IS SO ORDERED**.

Date: April 24, 2015                                              *s/ Timothy S. Black*
                                                                  Timothy S. Black
                                                                  United States District Judge