UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Case No. 3:11-cr-079 |
| | : | Civil Case No.     3:15-cv-044 |
| vs. | : | |
| | : | District Judge Timothy S. Black |
| KEITH A. WATSON, | : | Magistrate Judge Michael R. Merz |
| | : | |
| Defendant. | : | |

**ORDER:
(1) AFFIRMING THE MAGISTRATE JUDGE'S ORDERS AND
OVERRULING DEFENDANT'S OBJECTIONS; AND
(2) DENYING ANY MISCELLANEOUS/RELATED RELIEF**

This case is before the Court on Defendant Keith Watson's objections to certain Orders of United States Magistrate Judge Michael R. Merz (Docs. 156, 157, 158), to whom this case was referred pursuant to 28 U.S.C. § 636(b).  The Court also has before it Defendant's related "Emergency Motion under Rule 27(c)" (Doc. 159), and a letter written to the undersigned judge specifically requesting that the Court act on the "Emergency Motion" (Doc. 160).

**I.  PROCEDURAL POSTURE**

The District Court referred this case to Magistrate Judge Merz for a Report and Recommendations regarding Defendant's motion to vacate pursuant to 18 U.S.C. § 2255. In the course of addressing Defendant's motion, Judge Merz also issued several Orders regarding related, non-dispositive issues.  Defendant now appeals to the District Court for review of three non-dispositive Orders issued by the Magistrate Judge: (1) the Order to *Pro Se* Defendant (Doc. 147), which admonishes Defendant for submitting documents in

letter-form rather than as formal motions;[1] (2) the Order denying federal grand jury transcripts (Doc. 151); and (3) the Order denying state grand jury transcripts (Doc. 153). (Docs. 156, 157, 158).[2]

## II. STANDARD OF REVIEW

With regard to non-dispositive matters, the District Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

## III. ANALYSIS

**A. Appeal of the Magistrate Judge's Orders**

*1. Objection to Order to Pro Se Defendant*

On May 24, 2016, Magistrate Judge Merz issued an Order to *Pro Se* Defendant, which stating that:

> Defendant has been in the practice [of] filing documents through 'Trulincs' which are in letter form and commence "[p]lease accept this letter/certification in lieu of a more formal motion …" (See, *e.g.*, ECF No. 142, 144, 145, and 146.)
>
> Defendant is hereby NOTIFIED that the Clerk will no longer accept filings in this form. Defendant is ORDERED to file any request for court action formally by motion. The Local Rules of this Court do not provide an exemption from formal requirements for pro se litigants.

---

[1] Defendant's "Emergency Motion under Rule 27(c)" (Docs. 159, 160) relates specifically to the Magistrate Judge's Order to *Pro Se* Defendant (Doc. 147).

[2] Though styled as notices of interlocutory appeal, the Court construes the notices as objections pursuant to 28 U.S.C. § 636(b).

> Defendant need not re-file any prior filings made in this informal manner, but any further filings that do not conform to the Court's formal requirements will be stricken.

(Doc. 147).

In effect, compliance with the Order would have required Defendant to do little more than simply omit the first sentence (*i.e.*, "Please accept this letter …") and to place a title on the document (*e.g.*, "Motion for …").[3] Defendant neither complied with the Order, nor even attempted to do so. Rather, Defendant proceeded to file numerous documents, all in letter-form, stating that he "object[s] to any striking of [his] pro se motions in accordance with Haines v. Kerner, 404 US 519 (197[2]) which prohibits pro se incarcerated litigants to be held to standards that they are unable to comply with." (Doc. 154).

First, as the Magistrate Judge noted, *Haines v. Kerner* does not exempt Defendant from basic procedural rules, but rather stands for the proposition that a *pro se* litigant's allegations are held to a less stringent standard than formal pleadings drafted by lawyers. 404 U.S. 519, 520 ("allegations such as those asserted by [*pro se*] petitioner, however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence"). However, "[w]here, for example, a *pro se* litigant fails to comply with [] easily

---

[3] The Court emphasizes that the Magistrate Judge's Order serves an important and practical purpose. That is, by placing a title on the document and identifying it (to the best of Defendant's abilities) as a "motion for …," a "notice of …," an "objection to …," *etc.*, the Court is able to quickly differentiate between the filings and ensure that each are properly and thoroughly addressed. In other words, Defendant's compliance with the Order would actually assist the Court in being responsive to Defendant. Here, Defendant has filed numerous documents, all of which look identical to one another, have no identifying title, and start out with the same nonsensical request (*i.e.*, "Please accept this letter …"). Defendant's failure to comply with the Court's Order has wasted valuable time.

3

understood court-imposed [procedures], there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Thus, Defendant's assertion that *Haines v. Kerner* permits him to seek relief by filing in any style or format he chooses simply because he is proceeding *pro se* is plainly inaccurate.

Moreover, there is no merit to Defendant's contention that he is "unable to comply with" basic formatting standards. Setting aside the countless incarcerated litigants who manage to adhere to the Court's rules of form, **Defendant's early *pro se* filings evidence his absolute ability to comply with the procedural requirements**. (*See* Docs. 135, 136, 141).

Finally, the Court notes that, despite the Magistrate Judge's admonition that no letter-form filings would be accepted going forward, the only document stricken as a result of the Order was Defendant's motion to compel (Doc. 149). (*See* Not. Order, June 4, 2016). Other than this one motion, **the Magistrate Judge substantively addressed every other document Defendant filed, regardless of Defendant's continued practice of submitting documents that failed to comply with the Magistrate Judge's Order and this Court's rules of form**. And, significantly, the motion to compel (Doc. 149) was not even a substantively distinct motion. Rather, the motion merely sought a ruling on two of Defendant's pending motions (Docs. 144, 145), both of which motions the Magistrate Judge substantively addressed in the initial and supplemental Reports and Recommendations (Docs. 148, 168).

Accordingly, Defendant's objection (Doc. 156) is overruled and the Magistrate Judge's Order to *Pro Se* Defendant (Doc. 147) is affirmed.

### 2. Objection to Order Denying Federal Grand Jury Transcripts

On June 9, 2016, Defendant filed a motion for transcripts of the federal grand jury proceedings in his case. (Doc. 150). The Magistrate Judge denied the motion. (Doc. 151). Defendant filed an objection and seeks review of the Order denying his motion. (Doc. 157).

The Court has reviewed the motion and the Magistrate Judge's Order and finds that the Order is neither clearly erroneous, nor contrary to law. Indeed, even upon a *de novo* review, the Court finds no error with the Order denying Defendant's motion for federal grand jury transcripts. Accordingly, Defendant's objection (Doc. 157) is overruled, and the Magistrate Judge's Order (Doc. 151) is affirmed.

### 3. Objection to Order Denying State Grand Jury Transcripts

Defendant also filed a motion for transcripts of the state grand jury proceedings. (Doc. 152). The Magistrate Judge denied this motion as well. (Doc. 153). Defendant filed an objection and seeks review of the Order denying his motion. (Doc. 158).

The Court has reviewed the motion and the Magistrate Judge's Order and finds that the Order is neither clearly erroneous, nor contrary to law. Indeed, even upon a *de novo* review, the Court finds no error with the Order denying Defendant's motion for state grand jury transcripts. Accordingly, Defendant's objection (Doc. 158) is overruled, and the Magistrate Judge's Order (Doc. 153) is affirmed.

### B. Defendant's Emergency Motion Under Rule 27(c)

As previously stated, Defendant's "Emergency Motion under Rule 27(c)" relates specifically to the Magistrate Judge's Order to *Pro Se* Defendant (Doc. 147), which Order this Court has already affirmed, *supra*. Accordingly, to the extent that the Court has jurisdiction to act, the emergency motion (Doc. 159) is denied.

With that said, however, this Court finds no basis for it to act upon Defendant's emergency motion, which appears to invoke Rule 27(c) of the Federal Rules of Appellate Procedure. Specifically, Rule 27(c) states as follows:

> (c) Power of a Single Judge to Entertain a Motion: **A circuit judge** may act alone on any motion, but may not dismiss or otherwise determine an appeal or other proceeding. A court of appeals may provide by rule or by order in a particular case that only the court may act on any motion or class of motions. The court may review the action of a single judge.

Fed. R. App. P. 27(c) (emphasis added). As **circuit judges** sit in the Court of Appeals, Defendant's "emergency motion" – now moot – has no basis to be heard by this Court.[4]

### IV. CONCLUSION

Based upon the foregoing, Defendant's objections (Docs. 156, 157, 158) are **OVERRULED** and the Magistrate Judge's Orders (Docs. 147, 151, 153) are hereby **AFFIRMED**. Moreover, Defendant's "Emergency Motion under Rule 27(c)" (Doc. 159) is **DENIED.**

---

[4] Defendant's "emergency motion" also states that, in the event his motion is denied, the Clerk should construe the motion as a petition for writ of mandamus pursuant to Fed. R. App. P. 21. (Docs. 159, 160 at 3-4). This request is undoubtedly directed to the Court of Appeals as well, and, in fact, the appellate court has received a copy of the motion/petition. (*See* Docket Note, June 24, 2016).

**IT IS SO ORDERED.**

Date:  August 8, 2016                                             *s/ Timothy S. Black*
                                                                                    Timothy S. Black
                                                                                    United States District Judge